UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONICA HALL,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**
19-CV-542S

    1.    Plaintiff Monica Hall brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for supplemental security income and disability insurance benefits under Titles II and XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    Plaintiff protectively filed her applications with the Social Security Administration on April 20, 2015.  Plaintiff alleged disability beginning May 15, 2009, due to mild right cervical radiculopathy and asthma.  Plaintiff was last insured March 31, 2015.  Plaintiff's applications were denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

    3.    On October 26, 2017, ALJ Hortensia Havensen held a video hearing at which Plaintiff—represented by counsel—and Vocational Expert James Primm appeared and testified.  (R.[1] at 12, 27-61.)  At the time of the hearing, Plaintiff was 43 years old on the onset date (R. at 20, 12).  She has a high school education (R. at 20).  She worked as a nurse aide (R. at 20).

---

[1]Citations to the underlying administrative record are designated as "R."

4.      The ALJ considered the case *de novo* and, on June 26, 2018, issued a written decision denying Plaintiff's applications for benefits (R. at 12).  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[2]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 11, 15.)  Plaintiff filed a response on March 4, 2020 (Docket No. 16), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's motion is **granted**, and Defendant's motion is **denied**.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.      "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[2]The ALJ's June 26, 2018, decision (R. at 12) became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review (R. at 1).

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams _ex rel._ Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a _de novo_ review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-142 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the

3

> fourth inquiry is whether, despite the claimant's severe
> impairment, [s]he has the residual functional capacity to
> perform [her] past work.  Finally, if the claimant is unable to
> perform [her] past work, the [Commissioner] then determines
> whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.    Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Bowen, supra,

482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step

is divided into two parts.  First, the Commissioner must assess the claimant's job

qualifications by considering her physical ability, age, education, and work experience.

Second, the Commissioner must determine whether jobs exist in the national economy

that a person having the claimant's qualifications could perform.  See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460

(1983).

11.    The ALJ analyzed Plaintiff's claim for benefits under the process set forth

above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful

activity since May 15, 2009, the onset date due to the closing of her employer's facility.

(R. at 14, 15, 31-32.)  At step two, the ALJ found that Plaintiff has the following severe

impairment after March 6, 2016:  mild right cervical radiculopathy and asthma.  Id. at 15,

16.  Although she claims an onset date in 2009, Plaintiff did not have a primary care

provider until December 2014 and had long gaps in treatment until 2016.  Id. at 15.

Plaintiff claims low back pain as a severe impairment and argues that the ALJ failed to

discuss this ailment.  (No. 11-1, Pl. Memo. at 11-13.)  At step three, the ALJ found that

Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 16.

12.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except plaintiff must avoid concentrated exposure to dust, fumes, odors, chemical irritants, and poor ventilation; Plaintiff can frequently use her arms for reaching in all directions; and Plaintiff also can frequently stoop (R. at 16.).

13.     At step four, the ALJ found Plaintiff can perform her past relevant work.  (R. at 20.)  At step five, the ALJ asked the vocational expert and the expert found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as an usher, furniture rental clerk, counter clerk (each light exertion occupations), and surveillance system monitor (sedentary exertion work).  (R. at 21.)  This opinion was based upon more restrictive hypotheticals posed to the vocational expert, id. Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 21-22.)

14.     Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ did not discuss Plaintiff's low back pain in step two or consider low back pain in subsequent steps (No. 11-1, Pl. Memo. at 11-13), the physical RFC was not supported by substantial evidence (id. at 13-17) because the ALJ relies upon her lay interpretation of the raw medical data and there is little opinion evidence to support finding Plaintiff able to perform medium exertion work (id. at 13, 14).

15.     Defendant counters that any error in not considering Plaintiff's low back pain in step two was harmless because the durational limit of twelve months was not met for this ailment (No. 15-1, Def. Memo. at 12).  Alternatively, the ALJ did consider Plaintiff's

back pain in the administrative decision (R. at 16-20) (No. 15-1, Def. Memo. at 12-14). Plaintiff did not seek treatment for her back only eight years after the alleged onset date and eight months prior to the administrative hearing (id. at 12).  Defendant also argues that substantial evidence supports the RFC (id. at 14-18).

16.    In her reply, Plaintiff argues that harmless error does not apply at step two, Keller v. Colvin, No. 16CV6399, 2017 WL 4112024, at *12, 14 (W.D.N.Y. Sept. 18, 2017) (Payson, Mag. J.).  (No. 16, Pl. Reply Memo. at 2).

17.    Plaintiff's argument is **GRANTED** for the reasons stated below.

18.    On Plaintiff's low back pain, to be deemed severe at step two, an impairment must significantly limit the ability to perform basic work activities for the durational requirement of at least twelve months, 20 C.F.R. §§ 404.1509, 404.1520. (No. 15-1, Def. Memo. at 12.)  Step two analysis is limited to screen out de minimis claims, Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995).  (No. 11-1, Pl. Memo. at 11.)

19.    Plaintiff complained of chronic low back pain, testifying that she stopped working in 2009 and began to have increased back pain and ankle swelling three to four months later (R. at 17, 15).  The ALJ noted Plaintiff was first hospitalized in January 2014 for shortness of breath, bulging disc with pain (R. at 17, 370).  She sought treatment in December 2014 (R. at 312, 17; No. 11-1, Pl. Memo. at 11) and the ALJ noted that Plaintiff reported having herniated and missing discs in her back (R. at 17, 312).  Plaintiff was treated from low back pain in March 2017 and prescribed medication (R. at 345; No. 11-1, Pl. Memo. at 11; see No. 15-1, Def. Memo. at 12), which the ALJ noted Plaintiff was prescribed Amitriptyline for low back pain (R. at 18, 345).  On April 26, 2017, she was treated and diagnosed with her gait being off, she wobbled a little, had trouble climbing

stairs, and she complained of radiating pain and stiffness in her low back (R. at 489, 18; No. 11-1, Pl. Memo. at 11). She then was prescribed physical therapy treatment (R. at 491; No. 11-1, Pl. Memo. at 11-12). On July 31, 2017, Plaintiff had emergency room treatment for her back pain (R. at 466-71, 18, 466; No. 11-1, Pl. Memo. at 12). She was discharged with a diagnosis of chronic back pain and prescribed Robaxin, Norco, and Prednisone (R. at 18, 471). During an August 4, 2017, follow up appointment, Plaintiff continued to complain of low back pain and could not tolerate prolonged standing (R. at 485, 19; No. 11-1, Pl. Memo. at 12). Plaintiff then underwent pain management (R. at 526, 19; No. 11-1, Pl. Memo. at 12).

20.     The ALJ found there were no medical signs for a determinable impairment before March 6, 2016 (R. at 15), given Plaintiff's lack of seeking treatment. Although Plaintiff faults the ALJ for not considering her low back impairment at step two, the ALJ (as noted above) considered the medical appointments in which she mentioned or had treated her low back. Plaintiff did not produce evidence of low back pain for twelve months after March 2016 due to her sporadic treatments. Plaintiff's inaction in consistently seeking treatment could be construed as evidence that her condition was not severe, Diaz-Sanchez v. Berryhill, 295 F. Supp. 3d 302, 306 (W.D.N.Y. 2018) (Larimer, J.) (No. 15-1, Def. Memo. at 13). The ALJ here is not relying upon her lay opinion as opposed to medical opinion because there is a dearth of medical opinion because of Plaintiff's infrequently seeking medical treatment.

21.     In Keller, Magistrate Judge Payson (on that claimant's schizophrenia and considering other mental health cases) held harmless error was inapplicable at step two when the ALJ's determination is that an impairment is not medically determinable, but

harmless error can occur in the severity determination (especially if the nonsevere impairment is considered in later steps in the analysis), 2017 WL 4112024, at *14. The ALJ here did not find that Plaintiff's low back pain was not determinable.

22.     Therefore, Plaintiff's objection as to step two consideration of her low back is **DENIED**.

23.     As for the physical RFC, Plaintiff faults the ALJ for finding that Plaintiff generally can perform medium work but with restrictions for reaching without a functional assessment or medical opinions in the record (No. 11-1, Pl. Memo. at 14). She denies that there was a minor physical impairment, there was not functional analysis in the record, and the evidence was not clear and contains a useful assessment of her impairments (id. at 15-16). Plaintiff complained of difficulty standing, reaching and holding things (id. at 16; R. at 327, 485, 489, 526-27). Defendant counters that the record of Plaintiff's functioning was adequate without medical opinions for the ALJ to make her findings (No. 15-1, Def. Memo. at 14), relying in part on Plaintiff's prior work as a nurse aide (a work performed at medium level) and her impairment did not cause her to stop working (id. at 15).

24.     According to the Dictionary of Occupational Titles, Plaintiff's prior work was as a certified nurse aide, usually performed at heavy or very heavy exertion (R. at 20) that she left unrelated to her impairments (R. at 15, 17). The ALJ, however, fails to explain how Plaintiff could perform that work either at heavy exertion or at medium exertion (as found by the ALJ, R. at 16) with limitations for stretching (id.). The ALJ posed more restrictive hypotheticals that led to the vocational expert's opinion of occupations a claimant like Plaintiff could perform (R. at 21) without stating why those restrictions were

suggested.  There needs to be substantial evidence to justify finding Plaintiff able to perform at medium exertion level, to factor in Plaintiff's limitations in stretching, to conclude that Plaintiff could return to work as a nurse aide, and to pose limitations in hypotheticals to find other work that Plaintiff could perform.  Defendant's rationale, that the ALJ considered Plaintiff's performance of chores and such would be deemed medium exertion work (No. 15-1, Def. Memo. at 16) is post hoc rationalization that the ALJ never expressly considered, see Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999); Merkel v. Comm'r, 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018) (Wolford, J.); see also Alazawi v. Comm'r, No. 18CV633, 2019 WL 4183910, at *4 (W.D.N.Y. Sept. 4, 2019) (Wehrman, Mag. J.) (this Court cannot create post hoc rational for argument not considered by the administrative law judge) (see also No. 16, Pl. Reply at 2).  Here, the ALJ discussed Plaintiff's daily activities but concluded her characterization of her impairments were inconsistent with the medical record (R. at 19) and not findings from Plaintiff's daily life.

25.    The absence of substantial evidence for the step four finding is not harmless.  Plaintiff's motion on this ground is **granted** and the matter is remanded for further proceedings.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is **GRANTED**.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is **DENIED**.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      June 2, 2020
            Buffalo, New York


                                        s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                  United States District Judge